## DAVID F. LANE vs. SOLOMON SHELLMAN.

To entitle a party to a warrant, in actions upon contract, on the ground of fraud, under the third subdivision of § 3671, *C.L.*, he must show that the representations of the defendant upon which he claims to rely; that relying upon the truth of such representations he was induced to part with his property; that such representations were false, and that the defendant knew them to be false, and that he has suffered damage by reason of the premises. And the facts and circumstances tending to show the fraud must be set forth.

*Kalamazoo Circuit, May,* 1871.

This case comes into this Court on an appeal from the judgment of a Justice of the Peace. In the affidavit for the appeal special matters are set forth which are alleged as error. These special matters involve the question of the sufficiency of the affidavit on which proceedings were predicated in the Justice's Court.

The defendant was brought into the Court below upon a warrant issued upon an affidavit, of which the following is a copy:

" STATE OF MICHIGAN, }
    KALAMAZOO COUNTY, }

David F. Lane, of Portage, in said county, being duly sworn, deposes and says, that he has, as he has good reason to believe and does believe, a demand not exceeding one hundred dollars, arising out of a contract against Solomon Shellman against whom he applies for process, by warrant, for the value of one cow, obtained by the said Solomon Shellman of deponent, by fraud.

And deponent further states that the following are the facts and circumstances which constitute his said claim and the fraud of said Solomon Shellman complained of, to wit: On the 26th day of October, A. D. 1870, said Shellman, in said town of Portage, came to deponent and offered to sell to deponent a house—that said house then stood on the premises of one A· Dustin, in said township, being the same house recently standing on the premises of Julia Sherwood, in said township.— That said Shellman said to deponent that he was the owner of of said house—that no incumbrance of any kind was on it, and

that no person other than himself had any claim upon it or any right or title to it.

And deponent further says, that he placed full reliance on the said statements of said Shellman, and believed them to be true, and was thereby solely induced by such false representations to purchase said house of the said Solomon Shellman; and did so purchase the said house, and thereby said Solomon Shellman did fraudulently and designedly obtain from deponent the said cow in part payment of said house, which cow was of the value of sixty dollars.

And deponent says that said house was not as represented by said Shellman, his property, nor had he any right, title or interest in said house, and no right or authority to sell the same as deponent has, since the said cow was delivered to him ascertained. And deponent says that he has been defrauded by said Solomon Shellman, and thereby he has a just claim against said Shellman to the amount of sixty dollars, as the damages which he has sustained by said fraud.

D. F. LANE.

Subscribed and sworn to before me, this 27th day of October, A. D. 1870.

AMOS D. ALLEN,<br>Justice of the Peace."

*Edwards & Sherwood*, for the Plaintiff.

*Hawes & Edson*, for the Defendant.

*By the Court*, BROWN, J.—The statute, (*C. L.*, § 3671,) provides that " The plaintiff in actions arising out of or founded upon a contract shall be entitled to a warrant upon filing with the Justice an affidavit made by the plaintiff, or some one in his behalf, that the plaintiff has good reason to believe,"

" *Third*.—That there was fraud or breach of trust."

Paragraph 3673, provides that, " In all cases on application for a warrant under the third subdivision of section 19, the person applying therefor shall by affidavit show the facts and circumstances within the knowledge of the person making such affidavit, constituting the grounds of the application whereI

the Justice may the better judge of the necessity and propriety of issuing such warrant." The affidavit in question is framed with a view to the arrest of the defendant on the ground of fraud in procuring from the plaintiff his property. Does the affidavit show affirmatively such facts and circumstances as tend to show that the defendant employed any trick or artifice by which the plaintiff was induced to part with his property?

The characteristic of fraud is the intention to deceive. It is true that equity sometimes recognizes constructive fraud, as where one's acts though not originating in any evil design, tend to deceive and operate substantially as a fraud upon private rights or interests. But to entitle a person to a warrant under the statute above quoted, the fraud must be actual or positive, and by this is meant the intentional and successful employment of some cunning, deception or artifice used to circumvent, cheat or deceive another.

The action in this case arises out of an alleged contract into which the plaintiff alleges he was induced to enter on account and by reason of certain misrepresentations of the defendant.—It was incumbent upon him then to show in his affidavit the terms of the contract; the representations of the defendant upon which he claims to rely; that relying upon the truth of such representations he was induced to part with his property; that such representations were false and that the defendant knew them to be false, and that he has suffered damage by reason of the premises.

These requisites constitute the ground of application for the warrant, and the statute already quoted requires the person applying for such warrant to show by his affidavit the facts and circumstances within his knowledge constituting the grounds of his application, that the Justice may the better judge of the necessity and propriety of issuing such warrant. Indeed, the Justice cannot legally judge of the necessity and propriety of issuing such warrant without the presentation of the facts and circumstances referred to. He has no right to infer fraud unless there is some legal evidence tending to establish it. The affidavit under consideration sets forth the contract and the alleged statements and representations of the defendant, and states

with sufficient certainty that the plaintiff believed and relied upon them, and that he was thereby induced to exchange his property for the house which the defendant claimed was his.— Following this averment the affiant uses this language : "And thereby said Solomon Shellman did fraudulently and designedly obtain from deponent the said cow in part payment of said house, which cow was of the value of sixty dollars." The word "thereby," must I think, relate to the representations referred to, so that the affidavit declares substantially that by these representations the defendant did fraudulently and designedly obtain from the plaintiff his cow in part payment for the house.— Thus far there is no direct allegation that the statements were false, and no court would be warranted in inferring from the lan guage used that the defendant knew that fact. In the concluding paragraph of the affidavit the plaintiff avers that the " house was not as represented by Shellman, his property, nor had he any right, title or interest in said house, and no right or authority to sell the same, as he, deponent, has since the said cow was delivered to him, ascertained." In this paragraph no reference is made to the *scienter*. While the Court will not weigh the testimony produced before the magistrate in the affidavit upon a given point, yet where evidence tending to show certain facts is necessary to confer jurisdiction, and where it appears that no such evidence has been produced, the Court is bound to hold that subsequent proceedings before such magistrate were unauthorized. The mere fact that a statement is declared to be false, is not to be taken as *prima facie* evidence that the person making such statement knew it to be false, nor is an allegation in the affidavit that the party made certain statements and that he thereby fraudulently and designedly obtained deponent's property, to be taken as evidence of *scienter*. Such an allegation is merely a conclusion and not the statement of facts and circumstances from which the magistrate can legally draw a conclusion. This view of the case renders it unnecessary to consider the other points raised.

The judgment of the Justice must be reversed, annulled and held for naught.